[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13811

_____

D. C. Docket No. 1:10-cv-00072-KD-N

LARRY CROUCH,
TEDDY LEE HUDSON, et al.,

Plaintiffs-Appellants
Cross-Appellees,

versus

TELEDYNE CONTINENTAL MOTORS, INC.,

Defendant-Appellee
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(February 27, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

We have had the benefit of helpful discussion at oral argument. We have also carefully studied the record in this case. This case, brought against Defendant Teledyne Continental Motors ("TCM") for injuries sustained by Plaintiffs Larry Crouch (pilot) and Ted Hudson (passenger) during a 2006 Kentucky plane crash, was submitted to a jury after a trial of fifteen days. The jury answered the following three special verdict questions in the negative: "Are you satisfied by a preponderance of the evidence that when TCM sold the magneto it was defective and unreasonably dangerous and that the magneto was a substantial factor in causing the accident?"; "Are you satisfied by a preponderance of the evidence that after the magneto was sold that TCM negligently failed to warn that the magneto was unreasonably dangerous and that such failure was a substantial factor in causing the crash?"; and "Are you satisfied by a preponderance of the evidence that the magneto was unfit for its intended purpose and that this defect was a substantial factor in causing the crash?" Plaintiffs appeal. Defendant cross-appeals the district court's denial of its motion for sanctions. We first address Plaintiffs' several arguments in turn, then address Defendant's cross-appeal.

First, Plaintiffs argue that the district court erred in instructing the jury in the language of the Kentucky product liability statute, Kentucky Revised Statutes §411.310(2). The district court instructed the jury as follows:

2

> In any product liability action, it shall be presumed, until rebutted by a preponderance of the evidence to the contrary, that the product was not defective if the design, method of manufacture, and testing conformed to the generally recognized and prevailing standards or the state of the art in existence at the time the design was prepared, and the product was manufactured.

We need not decide whether giving that instruction would be error under Kentucky law because we conclude that any error would be harmless. The statutory language expressly states that the presumption is rebutted by a preponderance of the evidence, the precise standard which Plaintiffs in any event are required to surmount in their product liability claim.

Second, we reject Plaintiffs' argument that there was reversible error because of TCM's comments in opening and closing arguments that the actions of other defendants in a pending Kentucky litigation and/or parts manufactured by other defendants may have been the cause of the accident. We conclude that it was entirely appropriate for TCM to present evidence and argument that those other actions, and/or the malfunctioning of such other parts, and not TCM's magneto, caused the accident. Furthermore, we find that Plaintiffs opened the door to these references.

Third, we reject Plaintiffs' argument that the district court erred reversibly in failing to give Plaintiffs' proposed sudden emergency instruction. Even if there

were error in failing to give the instruction, it was harmless. The jury verdict form was clear that the jury would not reach the issue of apportionment of fault unless and until they found that TCM was liable. Because the jury found that TCM was not liable, the jury never reached the issue of comparative fault with respect to Plaintiff Crouch's actions (the subject of a subsequent question included on the jury verdict form).[1]

Fourth, for the reasons fully discussed at oral argument – including the fact that there was insufficient record evidence to support their qualifications to testify regarding the content of FAA regulations relating to a component manufacturer's duty to warn – we cannot conclude that the district court abused its discretion with

---

[1]    We decline to address Plaintiffs' argument – raised for the first time at oral argument – that the sudden emergency instruction was relevant not only to the issue of apportionment of fault but also to TCM's theory of whether Crouch turned off the engine. Plaintiffs' new argument is that the jury could have believed that TCM's defective magneto and/or its negligent failure to warn was a substantial factor causing the accident, but that Crouch's actions in turning off the engine was an intervening cause of the accident. We decline to address this new argument, because it was raised for the first time at oral argument. See APA Excelsior III L.P. v. Premiere Technologies, Inc., 476 F.3d 1261, 1269 (11th Cir. 2007) ("[W]e do not consider claims not raised in a party's initial brief and made for the first time at oral argument."). Indeed, no issue of intervening cause was presented to the jury; no party requested such a charge, and none was given. Even if the argument were addressed, the argument would not change our opinion. Pursuant to special interrogatories, the jury specifically found that neither a defective TCM magneto nor its negligent failure to warn about that was a substantial factor in causing the accident. Thus, the jury would never reach any issue of intervening cause. In other words, the premise of Plaintiffs' new argument – that the jury could have believed that TCM's defective magneto and/or its negligent failure to warn was a substantial factor causing the accident – was specifically rejected by the jury.

4

respect to its decisions regarding Plaintiffs' experts Hall and Pearce.[2]

For the foregoing reasons, we reject each of the Plaintiffs' challenges on appeal.[3]  We also reject TCM's cross-appeal challenging the district court's denial of its motion for sanctions.  This issue was fully discussed at oral argument, and we have carefully reviewed the record in this regard.  Contrary to TCM's arguments, we cannot conclude that the Plaintiffs' theory of the accident was frivolous.  With respect to the actions of Plaintiff Crouch and the conduct of the litigation by counsel for Plaintiffs, we cannot conclude that the district court abused its discretion in finding that there was no bad faith and that sanctions were not warranted.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[2]     Although Plaintiffs' expert Wartman was not discussed fully at oral argument, Plaintiffs' challenge in their brief on appeal to the district court's decision with respect to Wartman lacks the specificity required to persuade us that the district court abused its discretion in prohibiting him from opining on the timing of the fire.

[3]     Additionally, we reject Plaintiffs' argument, also raised for the first time at oral argument, that the cumulative effect of any errors denied Plaintiffs the right to a fair trial.

5